### Eric A. Larson, Defendant in Error, v. Anna Schamberg, Plaintiff in Error.

### Gen. No. 14,438.

BROKERS AND FACTORS—*when right of action accrues.* A broker's right to a commission in effecting an exchange of real property accrues if it appears that such exchange was the result of the broker's initiative.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed April 12, 1909.

SEARS, ROOSE & BOEGER, for plaintiff in error.

RAY & PEASE, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This case was tried by the Municipal Court of Chicago without a jury, on evidence which it has since been agreed showed the following facts:

On or about the middle of October, 1904, the defendant called at the plaintiff's place of business, who was then a licensed real estate broker in the city of Chicago, and listed her property, located at No. 929 Lawndale avenue, in Chicago, to be sold or exchanged by the plaintiff at the price of $2,800, and defendant was told by plaintiff that in case a deal was made, he would charge a commission of two and one-half per

centum on the valuation placed on her property; again in January or February, 1905, defendant called at plaintiff's office and talked with plaintiff's agent; thereafter, on June 2, 1905, plaintiff, by his agent, caused to be sent to defendant a letter calling the attention of defendant to certain premises belonging to one Alvina Lemke, who, he stated, wished to exchange her property at a valuation of $4,500; shortly after plaintiff had submitted the Lemke property, defendant called at plaintiff's office and told plaintiff's agent, who was in charge of said office, that she did not like the Lemke property and asked him to find something else; thereafter, on or about August 12, 1905, the agent of plaintiff submitted to defendant other property by memorandum in writing, to which the plaintiff received no reply. In the meantime, about August 4, 1905, defendant, without plaintiff's knowledge, entered into an agreement for the exchange of her property, at a valuation of $2,800, for the Lemke property, at a valuation of $4,000, which agreement was carried out September 14, 1905.

Thereafter, on or about September 26, 1905, plaintiff ascertained that defendant had, without his knowledge, exchanged her property located at No. 929 Lawndale avenue, in the city of Chicago, for the premises of the said Alvina Lemke,. which had been submitted by plaintiff to defendant; thereupon the plaintiff, by his agent, called at the house of defendant and demanded the sum of $70 as his commission, which was refused by the defendant, and no payment has been made on account of the commission so claimed by the plaintiff.

The plaintiff was the agent and received a commission of $105 from the said Alvina Lemke, for negotiating the exchange of this particular property, and the plaintiff had not expressly disclosed to the defendant the fact that he was at the time representing Alvina Lemke, as her agent, or that he expected to receive a commission from the said Alvina Lemke; and plaintiff

made no express agreement with the defendant whereby she consented or agreed to his receiving a double commission. Defendant made the deal through a real estate broker by the name of Simons, who had submitted the property of the said Alvina Lemke to the defendant at a valuation of $4,000.

Afterwards, and before the transaction was closed, defendant went to plaintiff's place of business and there found a boy, a young man, in charge; defendant said to him, "How is this? Simons offers me the Lemke property at $500 less than you do?" Afterwards, on or about the 14th day of September, 1905, the deal was closed by the said Simons, and the defendant paid Simons his commission.

The bill of particulars states the plaintiff's claim to be "For commission on exchange of real estate No. 929 Lawndale avenue 2½% on price $2,800—or $70."

The court allowed the claim and rendered judgment for the amount of $70 in favor of the plaintiff against the defendant. This writ of error is brought to reverse the judgment. Various technical objections to the consideration of the merits of the case are advanced by defendant in error, but we do not regard them as controlling.

A Municipal Court case of the fourth class comes here under different statutory provisions than those which control cases from other courts. We do not think it worth while to discuss the points made, but it may be remarked that the whole course of the proceeding in the Municipal Court may serve to show that the finding and judgment in favor of one party was made "against the objection" of the other party, within the meaning of the Municipal Court Act.

But on the merits, although the case is not free from some doubt, we do not feel like disturbing the judgment in favor of the plaintiff. The cases cited by plaintiff in error state the law correctly and so do those cited by the defendant in error. They do not conflict. The difficulty is not with the law, but with the application of it to the facts in this case.

We think on the whole record that this exchange is shown to have been the result of the plaintiff's initiative; that the plaintiff can be considered as a broker, rather than strictly a mere agent of the defendant; that the defendant could justifiably be found by the court to have known and consented to the employment of the plaintiff by Alvina Lemke, and consequently that his right of recovery from the defendant for the negotiation of the exchange was not cut off.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*